UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:06-CV-67

ROSWITHA FURLONG BLIN, JEROME BLIN,
and DANIEL BLIN, Beneficiaries and Heirs at law
of the Estate of Harold Furlong;
ROSWITHA FURLONG BLIN, Individually;
JEROME BLIN, Individually;
and DANIEL BLIN, Individually                                                                      PLAINTIFFS

v.

BERNADENE F. JOHNSON AND TRAVIS FURLONG
as Co-Executors of the Estate of Harold Furlong;
BERNADENE JOHNSON, as Attorney-in-Fact
for Harold Furlong;
BERNADENE JOHNSON, Individually;
and TRAVIS FURLONG, Individually                                                                 DEFENDANTS

**MEMORANDUM OPINION**

Plaintiffs filed a Motion for Partial Summary Judgment in this matter. (Docket # 14). Defendants filed a Response (Docket # 15), and Plaintiffs replied to that Response. (Docket #18). The Court now GRANTS Plaintiffs' Motion for Partial Summary Judgment.

**BACKGROUND**

This case arises out of a dispute over the disposition of funds belonging to the estate of Harold Furlong ("Harold"). In the years before his death, Harold became somewhat incapacitated by Parkinson's Disease. On June 20, 2002, he granted a durable Power of Attorney to his sisters, Dorothea Stephens and Bernadene Johnson ("Bernadene"), as well as to his daughter, Roswitha Furlong Blin ("Roswitha"). The Power of Attorney granted the attorneys-in-fact the power to manage his estate, but was silent as to whether the attorneys-in-fact were

entitled to distribute gifts from the estate. The Power of Attorney was never amended to allow the attorneys-in-fact to grant gifts.

On October 20, 2001, Harold's residence and personal belongings were sold at auction, and he relocated to a nursing home. Roswitha lived in France, and Bernadene was the only relative with power of attorney who lived nearby. Because it was convenient, only Bernadene managed Harold's affairs and estate. On July 7, 2005, Harold died, leaving all of his assets and property to be divided equally between Roswitha and her two children, Jerome and Daniel Blin. On February 2, 2006, Bernadene rendered an accounting of her management of Harold's estate.

Bernadene's accounting included the charges disputed in this Motion: $3,097 in "donations," $8,710.33 in "gifts" (including "x-mas" gifts in the amount of $975.00 made in the months of February, March, and May), and unaccounted for "cash" disbursements of $ 1,780.00. Plaintiffs allege that Bernadene also lent $5000.00 from Harold's estate to her son, labeled the disbursement as "ins. Info.", but later admitted that it was a loan. Bernadene admits that these distributions were made, but proposes that they were made within the scope of her power of attorney. Bernadene declares that the "donations" were made primarily to Harold's church, his parents' cemetery, and his lodge and veteran's organizations. She also asserts that at least $3,500 of the $ 8,710.33 was distributed as "gifts" to Plaintiffs for the purpose of loans and financing trips to the United States to visit Harold. According to Bernadene, each of the disbursements was made at Harold's explicit verbal request. She argues that she was able to assist him in disposing of his estate according to his specific wishes and that Harold was unable to amend the Power of Attorney or place these requests in writing because his Parkinson's Disease rendered him unable to write. In this Motion for Partial Summary Judgment, Plaintiffs seek for this Court

2

to declare Bernadene liable for breach of her fiduciary duties as attorney-in-fact for making gifts from the estate without authorization to do so. As a remedy, Plaintiffs seek to have this Court order Bernadene to repay the allegedly improperly distributed funds back to the estate.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)). "The plaintiff must present more than a mere scintilla of evidence in support of her position; the plaintiff must present 'evidence on which the jury could reasonably find for the plaintiff.'" *Id.* (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment. "The mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary

judgment inappropriate." *Monette v. Elec. Data Sys. Corp.,* 90 F. 3d 1173, 1177 (6th Cir. 1996) (citing *Anderson*, 477 U.S. at 247-49).

## ANALYSIS

Roswitha, Bernadene, and Dorothea Stephens were granted a durable power of attorney. Under Kentucky law, "[t]his Power-of-Attorney shall not be affected by the disability of the principal, and the authority conferred herein shall be exercisable notwithstanding said disability, and it is intended that this Power-of-Attorney shall comply fully with the provisions of KRS 386.093." KRS 386.093(1). The grant of Power of Attorney was silent as to whether the attorneys-in-fact could distribute gifts from Harold's estate.

In 1999, the Kentucky Supreme Court set forth the standard by which the Court should judge attorneys-in-fact who distribute gifts from an estate without written permission. In *Wabner v. Black*, the defendant held a power of attorney which did not specify whether she could distribute gifts from the estate to herself and others without "clearly expressed written authorization to do so." The Court refused to adopt a *per se* rule holding attorneys-in-fact liable when they distribute gifts from an estate in the absence of written authorization. Instead, the Court held that attorneys-in-fact are held to an "utmost good faith" standard. The Court also held that whether an attorney-in-fact satisfied the "utmost good faith" standard is a matter of fact to be determined by a factfinder. *Wabner v. Black*, 7 S.W.3d 379 (Ky. 1999).

However, in 2000, the Kentucky legislature clarified its intentions regarding gifts by attorneys-in-fact. KRS 386.093(6), enacted after *Wabner*, provides that "[n]otwithstanding any

4

provision of law to the contrary, a durable power of attorney may authorize an attorney in fact to make a gift of the principal's real or personal property to the attorney in fact or to others if the intent of the principal to do so is unambiguously stated on the face of the instrument." KRS 386.093(6). The Kentucky judiciary has not construed the precise meaning of this statute. Plaintiffs interpret this statute as superseding *Wabner* and mandating an express, written, and unambiguous permission from the principal before an attorney-in-fact may distribute gifts from the estate without breaching fiduciary duties. Plaintiffs urge the Court to find Bernadene liable as a matter of law because it is uncontested that no unambiguous written permission was given. Bernadene theorizes that "[t]he enactment of KRS 386.093(6)... did not abrogate the 'utmost good faith' rule enunciated in *Wabner*.... It simply expanded on the rule by providing that regardless of the 'utmost good faith' rule or any other law, the Power of Attorney could make provision for gifts to the attorney-in-fact or others. It simply extended the discretion of the agent." Thus, Bernadene proposes that the jury should properly decide this matter under the good faith standard.

The Court judges the statute by its plain meaning. *Bob Hook Chevrolet Isuzu, Inc. v. Com. Transp. Cabinet*, 983 S.W.2d 488, 492 (Ky. 1998). The Court cannot adopt Bernadene's proposed construction of KRS 386.093(6). The statute clearly supersedes conflicting law on the matter. The statute states that "a durable power of attorney *may* authorize an attorney in fact to make a gift.... if the intent of the principal to do so is unambiguously stated on the face of the instrument." Ky. Rev. Stat. 386.093(6) (emphasis added). The Court comprehends Bernadene's argument that the legislature's use of the word "may" allows the interpretation that the statute merely illustrates a method by which a principal may allow his attorney-in-fact to distribute gifts.

5

However, that construction of the statute would add nothing to the state of the law at the time of enactment. Before the enactment of the statute, an attorney-in-fact *would have been authorized* to distribute gifts if that were the unambiguous intent of the Power of Attorney and clear on the face of the document. The attorney in fact was only subject to examination under the 'utmost good faith' standard when, as in *Wabner*, the Power of Attorney was silent or unclear on whether gifts were authorized. Bernadene's construction of the statute would make the legislature's enactment of KRS 386.093(6) redundant and a statement of the obvious.

It is apparent to the Court that the statute on its face did not intend to restate an obvious and undisputed point of law; rather, the plain meaning of the statute is that the statute supplants other existing law and declares the only method by which a principal *may* authorize an attorney-in-fact to distribute gifts. In this Court's construction, the statute indicates that the authorization to gift is permissive, but the method set forth in the statute is mandatory. In the absence of guidance in interpreting the statute from the Kentucky judiciary or legislature, the Court holds that unambiguous written permission to gift is required in the Power of Attorney. The Court is bound by the unambiguous terms within the four corners of the Power of Attorney document; Where authorization to distribute gifts is ambiguous or absent, the Court may grant judgment as a matter of law. Since the parties agree there was no written permission for attorneys-in-fact to make gifts, the Court decides the gifts exceeded the scope of Bernadene's power of attorney as a matter of law.

Bernadene argues that she had express direction from Harold to make the distributions, but that he could not write them due to Parkinson's Disease. She claims that Harold's Parkinson's Disease made written permission and an amendment of the Power of Attorney

6

impossible. The Court is not convinced. Harold could have signed an amended Power of Attorney drawn up by someone else or even assented to an agent executing the amended power of attorney in his incapacity. Compliance with the mandates of KRS 386.093(6) was not impossible.

Lastly, Bernadene suggests that it is inequitable to order her to repay money to the estate which was distributed as gifts to the Plaintiffs. The Court agrees. To the extent that Plaintiffs were aware of gifts being distributed and benefitted from them, it is inequitable to force Bernadene to repay the estate because Plaintiffs now assert that such gifts were procedurally improper. Thus, the Court rules that Bernadene's gifts as a whole were improper. However, to the extent Bernadene can show that Plaintiffs were aware of the gifts and benefitted from them, the Court reserves judgment as a matter of law as to the damages owed to Harold's estate.

## CONCLUSION

For the above reasons, Plaintiff's Motion for Partial Summary Judgment is GRANTED.